**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMIE L. COMMACK, | No. 14-15521 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00985-GMS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 15, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Jamie Commack appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income and disability insurance benefits under the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The administrative law judge did not err in finding that Commack's symptom testimony was not fully credible. The ALJ provided "specific, clear, and convincing reasons" for the credibility assessment that were supported by substantial evidence in the record. *See id.* at 1113 (ALJ can reject claimant testimony about severity of symptoms by offering specific, clear, and convincing reasons). These reasons included Commack's inconsistent statements, inconsistencies between her statements and the medical evidence, Commack's failure to engage in self-help, and a finding of malingering.

The ALJ did not err by giving little weight to the opinions of two of Commack's treating physicians. Both opinions were contradicted by the opinions of non-treating physicians, and the ALJ provided "specific and legitimate reasons supported by substantial evidence in the record" for rejecting them. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ's assessment of Commack's residual work capacity was supported by substantial evidence, including admissions made in Commack's application for benefits, her testimony at the hearing, and the objective medical record.

**AFFIRMED.**